UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARION S. HARGER,               )
                                )
    Plaintiff,              )
                                )
  vs.                           )   Case No. 4:10CV115SNLJ
                                )
MISSOURI BOARD OF               )
PROBATION and PAROLE, ET. AL.,  )
                                )
    Defendants.             )

## MEMORANDUM AND ORDER

Plaintiff Harger, an inmate confined in a Missouri penal institution, has brought this §1983 action alleging that he was wrongfully denied parole because the Missouri Board of Probation and Parole (hereinafter referred to as MBPP) applied the current Missouri parole statute and regulations to deny his parole instead of applying the Missouri parole statute and regulations in effect when he committed the crime for which he is incarcerated. Plaintiff seeks monetary damages and injunctive relief (i.e. granting of parole). This matter is before the Court on the defendants' motion to dismiss [8], filed March 26, 2010. Responsive pleadings have been filed by the parties.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's

allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. at 1969, n.8; <u>Neitzke v. Williams</u>, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

Plaintiff was charged in 1988 with committing certain sexual offenses, and was convicted in 1989 for felony forcible rape and felony forcible sodomy in St. Louis County. He was sentenced to two (2) consecutive twenty-five (25) year terms for a total sentence of fifty (50) years. Plaintiff contends that on August 20, 2008 he was provided a parole hearing in which the victim was allowed to read into the record a poem she had written expressing her intense negative feelings about plaintiff. Plaintiff further contends that on September 4, 2008 he was denied parole with the reason being:

> "Release at this time would depreciate the seriousness of the
>  present offense based on:
>  A. Circumstances surrounding the present offense."

Plaintiff's Exhibit A to his Complaint.

Plaintiff contends that he has a liberty interest under the regulations and Missouri parole statute he believes were in effect at the time he committed and was convicted of his crimes. He states that said old statute and regulations prevent the MBPP from continuing to consider the seriousness, nature and circumstances of his offense in determining whether to release him on parole. Plaintiff states that under the old regulations, the deterrent and retributive portions of his sentence were fulfilled upon completion of the first fifteen (15) years of his sentence, and after such time, these factors can no longer be considered in denial of parole. It appears that it is his contention that the only factor the MBPP may consider is whether plaintiff "is no longer a danger

3

to society".[1] Plaintiff further contends that his due process rights have been violated because parole board member Reid Forrester allowed the victim to read her poem into the parole hearing record because of Forrester's personal opinion of the plaintiff, and that this was solely meant to influence the MBPP's decision. Plaintiff further contends that his equal protection rights have been violated by the parole denial because other similarly-situated inmates are being released on parole.[2]

Defendants contend that plaintiff cannot pursue a §1983 action because plaintiff does not have a liberty interest in parole; therefore, no constitutional violation to support a §1983 claim. The defendants further contend that the individual Board members have absolute immunity for their decision(s) regarding his parole. Defendants further contend that the MBPP and the individual Board members (in their official capacities) are immune from suit under the Eleventh Amendment. Furthermore, plaintiff's suit is barred against the individual member defendants (in their official capacities) by the doctrine of sovereign immunity. Finally, the defendants are entitled to qualified immunity because the decision to deny parole was not a violation of any of plaintiff's constitutional rights.

Upon review of the plaintiff's complaint, the pleadings before the Court, and the relevant caselaw, plaintiff's claims will be dismissed for failure to state a claim upon which relief can be granted.

---

[1] Plaintiff contends that he is no longer a danger to society because he was a first-time offender when convicted; that he has gotten his GED, a college associate's degree, and is working towards a bachelor's degree while incarcerated; and that he has a "stellar institutional record." Plaintiff's Complaint, pg. 6, ¶16.

[2] Plaintiff also makes vague, generalized assertions that his First and Eighth Amendment rights have been violated but fails to provide any factual support or explanation as to why these rights are violated by the denial of his parole.

In 1982, prior to the time plaintiff committed his offenses, §217.690 R.S.Mo. was enacted to replace §549.261 R.S.Mo. Missouri state courts and federal courts have held that §217.690 R.S.Mo. and **its regulations** do not provide a liberty interest in parole. Adams v. Agniel, 405 F.3d. 643, 645 (8th Cir. 2005) *citing* Greenholtz v. Inmates of Nebraska Penal & Corrections Complex, 442 U.S. 1, 9-11 (1979); Cavallaro v. Groose, 908 S.W.2d. 133, 134-35 (Mo. 1995); *see also*, Nolan v. Thompson, 521 F.3d. 983, 989, n.5 (8th Cir. 2008) *citing* Ingrassia v. Purkett, 985 F.2d. 987, 988 (8th Cir. 1993). Plaintiff has no continuing liberty interest in the application of the "version" of §217.690 in effect when he was convicted. Therefore, since plaintiff has no liberty interest under the Due Process Clause itself or pursuant to Missouri state law, he cannot state a §1983 claim for violation of his Fourteenth Amendment Due Process Clause rights.

Plaintiff's allegation that the defendants are not correctly applying the Missouri parole statute and regulations also fails to state a due process claim. Inmates do not have a liberty interest in having state officials follow state law. Wilkins v. Long, 2009 WL 1851288, *3 (W.D.Mo. June 29, 2009)[3] *citing* Phillips v. Norris, 320 F.3d. 844, 846 (8th Cir. 2003).

Although plaintiff does not make a distinct allegation that his *ex post facto* rights have been violated by the MBPP's alleged failure to apply the regulations he believes were in effect in 1988; the Court presumes that this is inherent in his claim(s). Plaintiff alleges the previous regulation in effect from 1988 through September 2008 provided specifically that an inmate serving sentences totaling forty-five (45) years or more has served at least fifteen (15) years of his/her sentence, the MBPP must consider the deterrent and retributive portion of the sentence to have been served. Plaintiff's Exhibit 4, attached to his Complaint (14 C.S.R. 80-2.010(4)4.(F)).

---

[3] The Court will cite unpublished opinions that it considers instructive on the issues before the Court.

5

Plaintiff contends that he has already served approximately twenty (20) years of his sentence (when he was up for parole in 2008), and that the defendants are improperly applying the current regulation because they are considering the nature and circumstances of his crimes to deny him parole. Plaintiff alleges that this retroactive application of 14 C.S.R. 80-2.010 has resulted in the MBPP improperly considering him "ineligible" for parole based upon the circumstances of his crimes.

For purposes of the instant motion, the Court will assume that the MBPP applied §217.690 R.S.Mo. and its current regulations to plaintiff. A retroactive change in state law is considered a violation of *ex post facto* if the law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Nolan v. Thompson, 2007 WL 148815, *4 (W.D.Mo. January 16, 2007)(*quoting* California Dept of Corrections v. Morales, 514 U.S. 499 (1995)), *aff'd* 521 F.3d. 983 (8th Cir. 2008). "A retroactive application of a change in state parole guidelines does not necessarily constitute an ex post facto application of the law." Nolan v. Thompson, 2007 WL 148815, *4 *citing* Garner v. Jones, 529 U.S. 244, 246-47 (2000). Thus, the MBPP's denial of parole may violate the *Ex Post Facto* Clause of the Constitution[4] if the application of the current parole laws and/or regulations create a sufficient risk of increasing the measure of punishment for Harger's offense from what is was at the time he committed it. *See*, Nolan v Thompson, 521 F.3d. at 987 (citations omitted).

Plaintiff has not alleged that his sentence has been increased by the application of the current parole statute and/or regulations. Furthermore, the MBPP's finding that plaintiff's "release at this time would depreciate the seriousness of the present offense" is equivalent of a MBPP finding that plaintiff cannot be released "without detriment to the community or himself"

---

[4]Article I, Section 10.

which is the required standard to be applied in parole consideration under Missouri's present and prior parole statute (in effect in 1988) regardless of whether or not plaintiff has served the retributive and deterrent portions of his sentence. Wilkins v. Long, at *3-*4 *citing* McCall v. Delo, 41 F.3d. 1219, 1221 (8th Cir. 1994); *see also*, Williams v. Crawford, at *5 *citing* Epperson v. Missouri Board of Probation and Parole, 81 S.W.3d. 540, 544 (Mo.App. 2002).

It is well-established under Eighth Circuit and Missouri law that, pursuant to §217.690 R.S.Mo. that the MBPP has broad discretion in parole matters. Furthermore, parole guidelines are nothing more than procedural aids for the MBPP, and given its broad discretion, may deviate from the guidelines on a case by case basis. *See*, Shaw v. Missouri Board of Probation and Parole, et. al., 937 S.W.2d. 771, 772 (Mo.App. 1997)(parole regulations do not limit broad discretion of the MBPP). Even assuming that the MBPP deviated from its guidelines, such deviation does not implicate plaintiff's constitutional *ex post facto* rights since he does not (and cannot) allege that such deviation increased his punishment beyond that allowed by §217.690 R.S.Mo. in 1988-89. The bottom line is that plaintiff was denied parole because of the seriousness of his crimes, which was a valid reason for denial of parole under §217.690 in 1988 and 2008. Therefore, plaintiff was not disadvantaged and there was no *ex post facto* violation.

Plaintiff then claims that his equal protection rights have been violated because he "has served a longer sentence" that other first-time offenders convicted of the same offenses as plaintiff with similar conduct and educational achievements while institutionalized. Since plaintiff does not allege that he is a member of a protected class or that his fundamental rights have been violated, he must show that the MBPP systematically and intentionally treated him differently from others similarly situated and that there was no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); *see*, Nolan v. Thompson,

521 F.3d at 990. To succeed on a "class-of-one" claim, a plaintiff must provide specific and detailed account(s) of the nature of the preferred treatment of the favored individuals especially when the state actors exercise broad discretion to balance a number of legitimate considerations. Nolan v. Thompson, at 990.

The MBPP has broad discretion to consider a wide range of individualized factors in making parole decisions, such as an inmate's attitude, acceptance of responsibility, remorse, severity and nature of crime, identity of victim, or any number of other factors related to the particular inmate and the particular crime for which he is incarcerated. Nolan v. Thompson, 2007 WL 148815, *6; *see also*, Nolan v. Thompson, 521 F.3d. at 990. Plaintiff only alleges generalized factors as "evidence" of the dissimilar treatment. Furthermore, plaintiff appears to allege that one Board member had a "grudge" against him, and intentionally had a witness read an inflammatory poem at his 2008 parole hearing in order to persuade the Board to deny parole. Firstly, as repeatedly noted, the MBPP has broad discretion in deciding parole matters, and may consider many different factors in deciding whether or not to grant parole. Secondly, regardless of the motive of one Board member, Missouri's parole statute gives the victim (the witness of whom plaintiff complains) the right to attend the parole hearing and to "give testimony". §217.690.7(2) R.S.Mo. There is no qualification or limitations as to the nature of this "testimony". The MBPP had wide discretion to consider many factors at plaintiff's parole hearing, including the victim's testimony. Plaintiff's bald assertions that he has an excellent institutional record and that unidentified others who committed generalized "same crimes" were given parole whereas he wasn't does nothing more than ask this Court to infer intentional discrimination. Plaintiff's allegations must do more than raise an impermissible inference to

sustain a claim for violation of equal protection rights. *See*, Nolan v. Thompson, 521 F.3d. at 990.

Moreover, an inmate may not recover damages in a §1983 lawsuit where the judgment would necessarily implicate the validity of the plaintiff's conviction, continued imprisonment, or sentence unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d. 43, 45 (8th Cir. 1985). "Heck, therefore, precludes a §1983 action which would impliedly invalidate a denial of parole as a challenge to duration of confinement." Williams v. Crawford, 2008 WL 2967641 at *3 *citing* Schafer, at 45. Plaintiff Harger has not alleged that the denial of his parole in 2008 has been reversed, expunged, set aside, or called into question. Thus, plaintiff cannot recover damages or declaratory relief on his claim challenging the duration of his confinement.

Furthermore, plaintiff's damage claims against the MBPP, as well as the individual Board member defendants in their official capacities, are barred by Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution prohibits lawsuits for damages against the state, agencies of the state, or state officials in their official capacities. Nix v. Norman, 879 F.2d. 429, 432-33 (8th Cir. 1989); Green v. Crawford, 2009 WL 161695, *3 (W.D.Mo. January 20, 2009) *citing* Nix v. Norman, *supra.*; Downum v. Long, 2008 WL 5082864, *1 (W.D.Mo. November 25, 2008) *citing* Nix v. Norman, *supra.*

Furthermore, the individual Board member defendants are entitled to absolute immunity in §1983 suits. Mayorga v. Missouri, 442 F.3d. 1128, 1131 (8th Cir. 2006). "Parole board members are entitled to absolute immunity when considering when considering and deciding

9

parole questions, as this function is comparable to that of judges." Mayorga, at 1131 (citations omitted). Parole board members do not act outside their jurisdiction even if they make an unconstitutional or unlawful decision. Mayorga, at 1131 (citations omitted); Green v. Crawford, 2009 WL 161695 at *3 *citing* Mayorga, *supra.*; Downum v. Long, 2008 WL 5082864 at *1 *citing* Mayorga, *supra.*

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [8] be and is **GRANTED** for failure to state a claim under §1983 and/or for failure to state a claim for which relief can be granted.

Dated this  19th   day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE